| | | |
|---|---|---|
| Keira M., minor, by next friend STACIE ODENEAL, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:25-cv-00566 |
| | ) | Judge Aleta A. Trauger |
| MARGIE QUIN, Commissioner, Tennessee Department of Children's Services, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## AMENDED ORDER

The Order issued on April 7, 2026 (Doc. No. 82), ruling on the defendants' Motion to Dismiss, did not address the plaintiffs' claims under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. The court therefore issues this Amended Order to supplant and supersede the April 7, 2026 Order, adding a new paragraph (5).

For the reasons set forth in the accompanying Memorandum, the Motion to Dismiss (Doc. No. 36) filed by defendants Margie Quin, in her official capacity as the Commissioner of the Tennessee Department of Children's Services ("DCS"), Carla Aaron, in her official capacity as Deputy Commissioner of Child Safety for DCS, and Karen Jointer Bryant, in her official capacity as Deputy Commissioner of Child Programs for DCS, is **GRANTED IN PART and DENIED IN PART**.

Specifically, the motion is **DENIED**, insofar as it seeks dismissal of the plaintiffs' Second Amended Complaint ("SAC") (Doc. No. 55) in its entirety under Federal Rule of Civil Procedure 12(b)(1) based on lack of standing, mootness, or any abstention doctrine.

The motion is **GRANTED IN PART**, insofar as it seeks dismissal of specific claims set forth in the SAC under Rule 12(b)(6) for failure to state a claim for which relief may be granted, as follows:

(1) The motion to dismiss the claim under 42 U.S.C. § 1983 for violation of the plaintiffs' substantive due process rights is **DENIED** with respect to the plaintiffs' claims that they continue to be deprived of the rights enumerated in subparagraphs (a), (b), and (e) of paragraph 278 of the SAC, and **GRANTED** with respect to the rights enumerated in subparagraphs (c), (d), (f), and (g) of paragraph 278.

(2) The motion to dismiss the plaintiffs' claim under 42 U.S.C. § 1983 based on the alleged deprivation of their substantive due process right to familial association is **DENIED** with respect to the plaintiffs' claim that their right to familial association is violated by systemic failures to afford sibling-sibling visitation and otherwise **GRANTED**.

(3) The motion to dismiss the plaintiffs' claims under the Adoption Assistance and Child Welfare Act and the Medicaid Act is **GRANTED**, and the claims set forth in the Third and Fifth Causes of Action in the SAC are **DISMISSED** in their entirety.

(4) Any education-related claims that fall within the scope of the IDEA are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

*(5) The motion to dismiss the plaintiffs' claims under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act is **DENIED**.*

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge