# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| Keira M., minor, by next friend STACIE ODENEAL, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:25-cv-00566 |
| | ) | Judge Aleta A. Trauger |
| MARGIE QUIN, Commissioner, Tennessee Department of Children's Services, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM and ORDER

Before the court is the plaintiffs' Emergency Motion for a Preliminary Injunction. (Doc. No. 66.) Specifically, the plaintiffs seek a preliminary injunction enjoining defendants Margie Quin, Commissioner of the Tennessee Department of Children's Services ("DCS"), Carla Aaron, Deputy Commissioner of Child Safety for DCS, and Karen Jointer Byrant, Deputy Commissioner of Child Programs for DCS (collectively, "defendants"), from operating or keeping the putative class of foster children in temporary housing that fails to meet their basic human needs. (*See* Doc. No. 66.)

The plaintiffs filed a Memorandum of Law in support of their motion. (Doc. No. 67.) The defendants oppose the motion (Doc. No. 80), and the plaintiffs filed a Reply (Doc. No. 84) in further support thereof. Both parties filed a substantial quantity of evidentiary material in support of their positions, and they presented oral argument at a hearing conducted on April 17, 2026.

The court stated in open court, at the conclusion of the hearing, that it found that the plaintiffs had not sustained their burden of establishing that a preliminary injunction was warranted at this juncture. This Memorandum further explains the court's reasoning.

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). However, "[i]f the currently existing *status quo* itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury, either by returning to the last uncontested *status quo* between the parties, by the issuance of a mandatory injunction, or by allowing the parties to take proposed action that the court finds will minimize the irreparable injury." *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978) (internal citations omitted).

A preliminary injunction is an extraordinary measure and is never awarded as of right. *Winter v. Nat'l Res. Def. Council*, 555 U.S. 7, 24 (2008) (citation omitted). In considering a request for a preliminary injunction, a court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542 (1987). "Generally, the plaintiff bears the burden of establishing his entitlement to a preliminary injunction." *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009) (citations omitted).

A district court must consider four factors when deciding whether to grant a preliminary injunction: (1) the movant's chances of succeeding on the merits; (2) the harm to the movant absent the injunction; (3) the harm to third parties if the injunction is granted; and (4) whether the injunction would serve the public interest. *Winter*, 555 U.S. at 20.

It is true, as the plaintiffs argue, that "preliminary injunctions in constitutional cases often turn on the likelihood of success on the merits of the plaintiffs' claims." *Moms for Liberty - Wilson*

*Cnty., Tenn. v. Wilson Cnty. Bd. of Educ.*, 155 F.4th 499, 513 (6th Cir. 2025) (citing *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012)). However, "this general rule does not do away with the 'indispensable' prerequisite of showing a likelihood of immediate and irreparable harm." *Id.* (quoting *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 326–27 (6th Cir. 2019)). The Sixth Circuit has made it clear that "even the strongest showing on the other three factors cannot 'eliminate the irreparable harm requirement.'" *Sumner Cnty. Schs.*, 942 F.3d at 326–27 (quoting *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982)). "After all, '[i]f the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief now as opposed to at the end of the lawsuit.'" *Moms for Liberty*, 155 F.4th at 513 (quoting *Sumner Cnty. Schs.*, 942 F.3d at 327).

It is well established that the risk of future harm to putative class members, who are non-parties, does not factor into the court's analysis of whether to issue preliminary injunctive relief. Rather, the plaintiffs must "allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent. Unless these petitioners can thus demonstrate the requisite case or controversy between themselves personally and respondents, 'none may seek relief on behalf of himself or any other member of the class.'" *Warth v. Seldin*, 422 U.S. 490, 502 (1975) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)); *accord Fox v. Saginaw Cnty.*, 67 F.4th 284, 294 (6th Cir. 2023) ("Fox also cannot rely on the claim that the other Counties harmed the 'members of the class' that he seeks to represent. He must show that they injured him 'personally' to have standing to sue them." (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1001 n.13 (1982))).

Further, the standard for proving irreparable harm is high. A preliminary injunction should not be awarded to prevent a claimed future injury that is remote or speculative; instead, plaintiffs

seeking a preliminary injunction must demonstrate that, absent an injunction, they are *likely* to suffer harm before the court can issue a decision on the merits. *See Winter* 555 U.S. at 22. As the Sixth Circuit has stated:

> [T]he "threatened injury must be '*certainly impending*' to constitute injury in fact, and '[a]llegations of *possible* future injury' are not sufficient." When the plaintiffs' allegations of future injury are based on past human errors, the plaintiffs face a high bar to demonstrate standing.

*Memphis A. Philip Randolph Inst. v. Hargett*, 978 F.3d 378, 386 (6th Cir. 2020) (first quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013); and then citing *O'Shea*, 414 U.S. at 495–96); *see also Sumner Cnty. Schs.*, 942 F.3d at 327 ("To merit a preliminary injunction, an injury 'must be both certain and immediate,' not 'speculative or theoretical.'" (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991))). Moreover, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Memphis A. Philip Randolph Inst.*, 978 F.3d at 386 (quoting *O'Shea*, 414 U.S. at 495–96).

A plaintiff's failure to establish irreparable injury absent a preliminary injunction is dispositive. *Sumner Cnty. Schs.*, 942 F.3d at 327. In this case, the plaintiffs have presented ample evidence that putative class members' constitutional rights have been violated by the defendants' past practices regarding the housing of foster children in temporary housing that fails to meet their basic human needs. They have not, however, presented any evidence that the nineteen named plaintiffs are at imminent risk of such a placement or, indeed, that a placement in temporary housing *per se* would necessarily violate their constitutional rights.

The plaintiffs ask the court to accept that *any* foster child in DCS custody is *always* at imminent risk of temporary housing and, therefore, *always* at risk of a placement that will not satisfy their basic needs. The plaintiffs ask too much. As the defendants point out, for the court to

conclude that any named plaintiff is at imminent risk of harm, it would have to engage in a chain of speculation:

> If a Named Plaintiff's current placement disrupts, and if DCS is unable to identify a new long-term placement for that Named Plaintiff, and if there is not an available temporary placement in a licensed facility (*e.g.*, an assessment center), then that Named Plaintiff may enter transitional housing, and that transitional housing may be one of the locations that Plaintiffs argue does not meet constitutional requirements.

(Doc. No. 80 at 18.) As the Sixth Circuit found in *Sumner County Schools*, all these "ifs" "rule out the 'certain and immediate' harm needed for a preliminary injunction." *Sumner Cnty. Schs.*, 942 F.3d at 327. The plaintiffs have not presented any evidence from which the court could conclude that any named plaintiff is at imminent risk that his or her current placement will disrupt; even if there were, there is no evidence from which the court could conclude that it is *likely*, as opposed to merely *possible*, that such disruption will lead to a violation of his or her constitutional rights.

In short, the court finds that the plaintiffs have not carried their burden of establishing that any single named plaintiff is likely to suffer harm if a preliminary injunction is not entered now, before the court can issue a final decision on the merits. *See Winter* 555 U.S. at 22. The Emergency Motion for Preliminary Injunction, therefore, is **DENIED**, but without prejudice to the plaintiffs' ability to return to court if their situation changes and they are able to establish the requisite risk of harm.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge